```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

 James Scott Alva,

                      Plaintiff,            MEMORANDUM & ORDER
                                             24-CV-00335(EK)(JRC)

           -against-

 Ber-Berlin FCI; Team Quebec; N.
 Cairns – U/M; D. Schuler – C/W; S.
 Davis – Cor; Bro-Brooklyn MDC,

                      Defendants.

--------------------------------------x
```

ERIC KOMITEE, United States District Judge:

        James Scott Alva is currently incarcerated at FCI Mendota in California. He commenced this action on January 16, 2024. Plaintiff was convicted of three child pornography offenses in 2018 under the name James Scott Alva, though he states in the complaint that his name is Jim Scott Cole. Compl. 1, ECF No. 1.

        In his *pro se* complaint, plaintiff did not articulate a basis for the court's jurisdiction or a cause of action. *See generally,* Compl., ECF No. 1. However, he complains about violations of his civil rights and requests his release from prison. Thus, a liberal construction of the complaint suggests that plaintiff actually seeks habeas relief under 28 U.S.C. § 2255. *See* Compl. at 9 ("Release me. I am not your enemy..."); *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (documents "filed *pro*

*se* [are] to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.")

The court grants plaintiff's request to proceed *in forma pauperis*. ECF Nos. 7, 9.

However, this court lacks jurisdiction over plaintiff's Section 2255 petition. Plaintiff's conviction on the child pornography offenses occurred at a jury trial in the District of Nevada. *See United States v. Alva,* No. 14-CR-00023-RCJ-NJK (D. Nev. Jan. 19, 2018), Min. Entry, ECF No. 305. Plaintiff's judgment became final in April 2018, when he was sentenced to 293 months in federal prison, as well as lifetime supervision, $20,000 of restitution, and a $300 special assessment. *See Alva,* No. 14-CR-00023-RCJ-NJK (D. Nev. May 15, 2018), Am. J., ECF No. 334. Critically, motions under Section 2255 must be filed with the sentencing court. *See Boumediene v. Bush*, 553 U.S. 723, 774-75 (2008) (Section 2255 "replaced traditional habeas corpus for federal prisoners . . . with a process that allowed the prisoner to file a motion with the sentencing court on the ground that his sentence was, *inter alia*, imposed in violation of the Constitution or laws of the United States.").[1] Thus, this petition is proper before the

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

District of Nevada, plaintiff's sentencing court, rather than the Eastern District of New York.

## I. Conclusion

For the reasons set forth above, this case is transferred to the District of Nevada for all further proceedings.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any *in forma pauperis* appeal from this Order would not be taken in good faith.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                                   /s/ Eric Komitee
                                                            ERIC KOMITEE
                                                            United States District Judge

Dated:    May 12, 2024
            Brooklyn, New York